**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANN M. SUTTON**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SAMANTHA RICHEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1208-CR-743 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara C. Crawford, Judge
Cause No. 49G21-1203-CM-017092

**April 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Samantha Richey appeals her conviction for Class A misdemeanor criminal recklessness. She contends that the evidence is insufficient to sustain her conviction. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

Richey and Brittany Robinson have one thing in common: they have dated the same man. On March 14, 2012, Brittany was sitting in her car, which was parked on Bradbury Street in Indianapolis, talking to her friend with her car window rolled down. "[A]ll of a sudden," Richey drove up in her car and "blocked" Brittany in, got out, and began hitting Brittany and pulling her hair through the open car-door window. Tr. p. 11. Brittany rolled up her window so that Richey would be forced to release her hair. After Richey released her hair, Brittany rolled the window down "a little bit," at which point Richey ran to her car and took off. *Id.* at 12; *see also* Appellant's Br. p. 3.

Brittany was "mad," so she decided to "chase" Richey in order to get her license-plate number. Tr. p. 12, 20. Brittany followed Richey around the block going "20 to 30 miles [per hour], if that" when Richey "slammed on her brakes so that there was no way [Brittany] could prevent [herself] from hitting her." *Id.* at 13. There was nothing in front of Richey when she slammed on her brakes. Brittany's air bags deployed and the ignition locked up. Brittany's car had significant front-end damage, was not drivable, and had to be towed. According to Brittany, there was no way she could have avoided the collision. *Id.* Brittany called 911 and stayed on the phone and in her car until the police arrived. After arriving on the scene and conducting an investigation, the police arrested Richey.

The State charged Richey with Class A misdemeanor criminal recklessness and Class A misdemeanor battery.[1]  A bench trial was held, and Richey testified in her own defense.  The trial court found Richey guilty of both counts.  The trial court sentenced Richey to 365 days suspended to probation, with the first six months to be served on home detention.

Richey now appeals her criminal recklessness conviction only.

## Discussion and Decision

Richey contends that the evidence is insufficient to sustain her conviction for Class A misdemeanor criminal recklessness.  When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses.  *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).  The evidence—even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction.  *Id.*  "[W]e affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt."  *Id.*

In order to convict Richey of Class A misdemeanor criminal recklessness as charged in this case, the State had to prove that Richey (1) recklessly (2) performed an act (3) including the use of a vehicle (4) that created a substantial risk of bodily injury to Brittany.  Appellant's App. p. 20; *see also* Ind. Code § 35-42-2-2(b), (c)(1).  A person engages in conduct "recklessly" if she engages in the conduct in plain, conscious, and

---

[1] The State also charged Richey with Class A misdemeanor invasion of privacy, but the State dismissed this count at trial because the no-contact order covering Brittany was not active at the time of Richey's arrest.

3

unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. Ind. Code § 35-41-2-2(c).

Richey argues that the evidence is insufficient to support her conviction for Class A misdemeanor criminal recklessness because Brittany testified at trial that she gave chase so that she could get Richey's license-plate number.[2] Focusing on Brittany's conduct instead of her own, Richey speculates that Brittany rear-ended her because Brittany "did not brake in time," was "perhaps going too fast," or was "perhaps travelling too close." Appellant's Br. p. 6. Richey claims that in any event, "it is easy to deduce that [Brittany] was not driving in a way that was responsible to others on the road." *Id.* Citing the civil-law standard that requires drivers to keep a proper lookout, Richey asserts that "the braking of the car in front of [Brittany] was not that unusual of a condition." *Id.* at 7.

We, however, reject Richey's invitation to reweigh the evidence or to create an exception to the crime of criminal recklessness involving the use of a car. Notably, Richey does not contest that she applied the brakes when there was nothing in front of her requiring her to do so, and she introduced no evidence that Brittany was speeding or following her too closely. Rather, the evidence most favorable to the verdicts shows that Richey blocked Brittany's car with her car, approached her on foot, and began hitting her and pulling her hair through Brittany's open car-door window. After Brittany trapped Richey's hand in her window and then released it, Richey ran back to her car and took

---

[2] Richey notes that contrary to the testimony at trial, wherein Brittany admitted to chasing Richey, the charging information alleges that Richey pulled her car in front of Brittany's car and slammed on the brakes. Richey does not argue that there was a material variance between the charging information and the evidence at trial.

4

off.  Mad, Brittany followed Richey in her car in order to get Richey's license-plate number.  The two did not get very far when Richey, with nothing in front of her, slammed on her brakes, causing Brittany to rear-end her.  Brittany's air bags deployed, and there was significant front-end damage to Brittany's car.  The evidence is sufficient to prove that Richey recklessly performed an act including the use of a vehicle that created a substantial risk of bodily injury to Brittany.  We therefore affirm Richey's conviction for Class A misdemeanor criminal recklessness.

Affirmed.

KIRSCH, J., and PYLE, J., concur.