Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 13 2013, 7:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**NEIL L. WEISMAN**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ZIGFRIED DAVIS, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No. 71A05-1303-CR-124 |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-1204-FD-338

**November 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Zigfried Davis appeals his conviction of possession of cocaine, a Class D felony. Ind. Code § 35-48-4-6 (2006). He raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

On the evening of April 4, 2012, Davis and several other people gathered at an apartment. He left the gathering just before three in the morning to give Dionna Stuckey, Jaques Sanders, and Jolisa McDaniel a ride home. Davis drove his grandmother's vehicle, a red Oldsmobile Bravada. Stuckey sat in the front passenger seat, and Sanders and McDaniel sat in the back seat.

Davis dropped Sanders and McDaniel off at their home. As Davis drove toward Stuckey's residence, Officer Joseph Cole of the South Bend Police Department stopped him for improper lane movement. Other officers arrived at the scene soon thereafter.

Cole approached the driver's side window of Davis's vehicle and asked him to produce his license and registration. Davis removed a stack of papers from the glove box and placed them on his lap. Next, he gave Cole his license and began to go through the stack of papers. Cole noticed that Davis's hand was shaking as he handed him his license. Cole also observed that Davis reached toward the vehicle's center console several times as he went through the papers but pulled his hand back each time. Finally, Cole saw Davis look toward the console. While this occurred, Officer Casey Hof stood on the passenger side of the car and watched Stuckey. Hof did not see Stuckey reach toward the console.

2

Based on his observations, Cole was concerned that Davis might have a weapon in the console and ordered him out of the vehicle. Davis initially refused but eventually got out. Cole had Davis walk to the back of the vehicle and patted him down for weapons. Davis was unable to locate the vehicle's registration, so Cole checked the vehicle's plate on his computer. Next, Cole learned that there was a warrant for Davis's arrest and placed him in custody.

Pursuant to his department's policy, Cole impounded Davis's vehicle and began an inventory search. He opened the center console and found a baggie containing six chunks of a rocklike substance. After completing the search, Cole asked Davis if there were any drugs in the vehicle, and Davis said, "There probably is." Tr. p. 89; State's Ex. 11. The substance was subsequently tested and identified as cocaine.

An officer left with Stuckey to drive her home, but after Officer Cole found the cocaine, the officer returned Stuckey to the scene for questioning. She denied leaving cocaine or anything else in the vehicle.

The State charged Davis with possession of cocaine, and the case was tried to a jury. The jury determined that Davis was guilty, and the trial court sentenced him accordingly. This appeal followed.

DISCUSSION AND DECISION

Davis contends there is insufficient evidence to support his conviction. When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). The evidence and all reasonable inferences drawn from

it are viewed in a light most favorable to the verdict. *Id.* We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

To convict Davis, the State was required to prove beyond a reasonable doubt that (1) Davis (2) knowingly or intentionally (3) possessed (4) cocaine. Ind. Code § 35-48-4-6. Davis claims the State failed to prove that he possessed the cocaine that Cole found in the console.

Where the State does not show actual possession, a conviction for possessing contraband may rest instead on proof of constructive possession. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). A person constructively possesses contraband when the person has: (1) the capability to maintain dominion and control over the item, and (2) the intent to maintain dominion and control over it. *Id.*

A trier of fact may infer that a defendant had the capability to maintain dominion and control over contraband from the simple fact that the defendant had a possessory interest in the premises on which an officer found the item. *Id.* We allow this inference even when that possessory interest is not exclusive. *Id.*

When that possessory interest is not exclusive, however, the State must support this inference with additional circumstances pointing to the defendant's knowledge of the presence and the nature of the item. *Id.* at 174-75. Our Supreme Court has previously identified some examples, including: (1) a defendant's incriminating statements, (2) a defendant's attempting to leave or making furtive gestures, (3) the location of contraband

4

like drugs in settings suggesting manufacturing, (4) the item's proximity to the defendant, (5) the location of contraband within the defendant's plain view, and (6) the mingling of contraband with other items the defendant owns. *Id.* at 175.

In this case, Davis had non-exclusive possession of the vehicle because he had borrowed it from his grandmother and there had been several passengers in the vehicle on the evening in question. We must therefore consider whether there were additional circumstances pointing to Davis's knowledge of the presence and nature of the cocaine. The evidence admitted at trial established such circumstances. The cocaine was found in the console next to Davis's seat. In addition, he was nervous and repeatedly gestured toward the console as he reviewed the papers in his lap. Cole also saw Davis look at the console as he went through the papers. All of Davis's passengers denied possessing the cocaine, and Officer Hof never saw Stuckey reach for the console. Finally, after Officer Cole found the cocaine and asked Davis whether there were drugs in the vehicle, he said, "There probably is." Tr. p. 89; State's Ex. 11. This evidence would allow a reasonable jury to conclude that Davis had the capability and the intent to maintain control over the cocaine and therefore constructively possessed it. *See Powell v. State*, 912 N.E.2d 853, 865 (Ind. Ct. App. 2009) (evidence sufficient to establish constructive possession of marijuana and methamphetamine where contraband was in plain view, close to Powell, and officer saw Powell repeatedly reach toward area where contraband was later found).

Davis's claim that the cocaine belonged to his grandmother is a request to reweigh the evidence, which our standard of review forbids.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.