Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2014, 6:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HILARY BOWE RICKS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LANDIN ANDERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1304-CR-203 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Peggy R. Hart, Commissioner
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-1212-FB-77434

**January 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD**, Senior Judge

An undercover officer and a confidential informant set up a drug deal with a person who was subsequently identified as Landin Anderson. The trial court found Anderson guilty of dealing cocaine, a Class B felony. Ind. Code § 35-48-4-1 (2006). Anderson appeals, challenging the sufficiency of the evidence. We affirm.

FACTS AND PROCEDURAL HISTORY

On August 13, 2012, Detective Steven Brinker of the Indianapolis Metropolitan Police Department worked with a CI. The CI contacted a person she knew as "Squirrel," who agreed to sell her fifty dollars' worth of cocaine. The CI and Squirrel further agreed to meet at a gas station.

Brinker, working undercover, drove the CI to the gas station, and the CI pointed out Squirrel. Squirrel got out of the front passenger seat of a green Pontiac and walked over to Brinker's car. Brinker handed him fifty dollars, and he handed Brinker a small baggie of what was later identified as cocaine. Brinker noted that Squirrel had a bruise around his left eye.

After the exchange, Squirrel went back to the green Pontiac and sat down in the front passenger seat. The Pontiac drove away from the gas station, but Officer Daniel Brezik stopped it a few blocks away upon the request of the officer who was coordinating the drug buy. Brezik saw that the occupant of the Pontiac's front passenger seat had a bruise around his left eye. He obtained the passenger's identification and learned that he was Landin Anderson. Brezik allowed Anderson and his companions to leave the scene.

The State charged Anderson with dealing cocaine and possession of cocaine. The case was tried to the bench. The court found Anderson guilty as charged, entered a judgment of conviction on the offense of dealing cocaine, and sentenced him accordingly. This appeal followed.

## DISCUSSION AND DECISION

Anderson says the State failed to prove he was the person who sold cocaine to Brinker. When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). The evidence and all reasonable inferences drawn from it are viewed in a light most favorable to the judgment. *Id.* We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

To convict Anderson of dealing in cocaine as a Class B felony, the State needed to prove beyond a reasonable doubt that Anderson (1) knowingly or intentionally (2) delivered (3) cocaine or a narcotic drug. Ind. Code § 35-48-4-1.

Officer Brinker testified at trial that Anderson was the person from whom he bought the cocaine, and Officer Brezik testified that it was Anderson whom he saw when he stopped the green Pontiac a few blocks away—still sitting in the front passenger seat and still showing his bruised left eye. This is ample evidence from which a reasonable finder of fact could determine beyond a reasonable doubt that Anderson delivered

3

cocaine to Brinker. *See Hyppolite v. State*, 774 N.E.2d 584, 598 (Ind. Ct. App. 2002) (evidence sufficient to support conviction for dealing cocaine where undercover officer identified Hyppolite as the person who sold cocaine to him), *trans. denied*.

Anderson challenges the verdict on grounds that the CI did not testify and noting that the police did not record the CI's telephone conversation with Anderson. He also argues that the State could have, but did not, record a video of the transaction or examine the gas station's security cameras. To be sure, such additional evidence might have been pertinent, but the testimony at trial sufficed in itself to sustain a conviction.

<u>CONCLUSION</u>

We affirm the judgment of the trial court.

Affirmed.

RILEY, J., and ROBB, J., concur.

4