Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOMMY DAWSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1307-CR-584 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley E. Kroh, Judge Pro Tempore
Cause No. 49G16-1305-CM-31182

**February 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Tommy Dawson appeals his conviction for battery resulting in bodily injury, a Class A misdemeanor.  Ind. Code § 35-42-2-1 (2012).  We affirm.

## ISSUE

Dawson raises one issue, which we restate as:  whether the evidence is sufficient to sustain his conviction.

## FACTS AND PROCEDURAL HISTORY

At around 6:00 a.m. on May 17, 2013, Daniel Royer was awakened by yelling.  Someone knocked on the door to his apartment.  Royer went to the door, opened it, and saw a man, later identified as Dawson, and a woman, later identified as Paula Williams, arguing.  Royer asked if Dawson had touched her, and Dawson and Williams both answered no.

Williams walked back into her apartment, which was across the hall from Royer's.  She left the front door open, and Royer saw her enter a bedroom and sit down on a bed.  Dawson followed Williams, jumped on top of the bed, and hit Williams seven times in the face and shoulders with a closed fist.  Williams fell to the floor yelling, and Dawson kicked her three times.

Royer called 911, entered Williams's apartment, and urged her to go to the apartment manager's office.  He saw Williams limp as she got up and walked out of her apartment.

The apartment manager, Lenora Johnson, was awakened by Williams ringing her doorbell.  Johnson went to the door and observed that Williams was out of breath and

2

upset.  As Johnson spoke to Williams, she saw Dawson walking toward them.  He was angry and cursing loudly.  Williams told Johnson that her side and leg hurt, and Johnson noticed that Williams was limping.

At that point, Officer Eric T. Reidenbach of the Indianapolis Metropolitan Police Department arrived.  He saw Dawson near Johnson's apartment, cursing loudly and flailing his arms.  Reidenbach told Dawson several times to quiet down, but Dawson refused.  As Dawson continued to yell, Reidenbach spoke with Williams and saw fresh scratch marks on her face and upper back.  Eventually, Reidenbach arrested Dawson for disorderly conduct.

The State charged Dawson with Class A misdemeanor battery, Class A misdemeanor domestic battery, Class A misdemeanor intimidation, and Class B misdemeanor disorderly conduct.  Dawson's case was tried to the bench.  At the beginning of the trial, the State dismissed the domestic battery and intimidation charges. The court heard the evidence, determined that Dawson was guilty of battery and disorderly conduct, and sentenced him accordingly.  This appeal followed.

DISCUSSION AND DECISION

Dawson argues that there is insufficient evidence to show that he injured Williams and thus concludes that his battery conviction must be reversed.  When reviewing a challenge to the sufficiency of the evidence underlying a conviction, we neither reweigh the evidence nor assess the credibility of witnesses.  *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).  The evidence and all reasonable inferences drawn from it are viewed in a light most favorable to the judgment.  *Id.*  We affirm if there is substantial evidence of

3

probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

In order to obtain a conviction for Class A misdemeanor battery, the State is required to prove beyond a reasonable doubt that a person (1) knowingly or intentionally (2) touched another person (3) in a rude, insolent, or angry manner (4) resulting in bodily injury to any other person. Ind. Code § 35-42-2-1. Bodily injury is defined as "any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29 (2012). Any degree of physical pain may constitute a bodily injury. *Bailey*, 979 N.E.2d at 142.

In this case, Royer testified that he saw Dawson punch Williams in the face and shoulders seven times with a closed fist and then kick her three times as she lay on the floor. Williams yelled as Dawson struck her, and a reasonable trier of fact could infer from her yells that the punches and kicks caused pain. *See Cooper v. State*, 831 N.E.2d 1247, 1251 (Ind. Ct. App. 2005) (evidence of victim crying and screaming supported inference of pain from Cooper's attack), *trans. denied*. Furthermore, Johnson testified without objection that Williams told her that her side and leg hurt. Both Dawson and Johnson saw Williams limping after Dawson hit and kicked her. Finally, Reidenbach saw fresh scratch marks on Williams's face and upper back. He took photographs of the injuries, which were admitted into evidence. This is ample evidence from which the trial court, as the finder of fact, could reasonably conclude beyond a reasonable doubt that Williams experienced pain and other impairments as a result of Dawson's attack, thus proving the element of bodily injury.

Dawson cites several cases in support of his claim, but they are not controlling here. In *Hand v. State*, 863 N.E.2d 386, 393 (Ind. Ct. App. 2007), a panel of this Court reversed Hand's conviction for Class C felony battery resulting in serious bodily injury, concluding that the evidence was insufficient to establish "extreme pain" as set forth in the definition of serious bodily injury. In the current case, Dawson was convicted of Class A misdemeanor battery, and the State was not required to prove extreme pain. Instead, the State merely needed to prove an impairment of Williams's physical condition, including any degree of pain, and it did so here.

In *Gordon v. State*, 743 N.E.2d 376, 378 (Ind. Ct. App. 2001), the State charged Gordon with Class A misdemeanor battery. After a bench trial, the trial court found Gordon guilty of Class B misdemeanor battery, concluding that there was insufficient evidence of bodily injury. However, in that case there were no witnesses to the battery other than Gordon and the victim, and the victim did not testify at trial. In this case, Royer saw Dawson hit and kick Williams and heard her yell. In addition, Royer and Johnson testified about Williams's limping, and Reidenbach described and photographed scratches on her face and upper shoulder. There is thus sufficient evidence of bodily injury here, and *Gordon* is distinguishable.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

MATHIAS, J., and PYLE, J., concur.

5