**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELIZABETH A. HOUDEK**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARCUS PERNELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1307-CR-345 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Christina R. Klineman, Judge Pro Tempore
Cause No. 49G05-1202-FB-10894

**March 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Marcus Pernell appeals his conviction for battery, as a Class C felony, following a bench trial. Pernell presents two issues for review:

1. Whether the evidence is sufficient to prove the serious bodily injury element of his battery conviction.

2. Whether the abstract of judgment is erroneous.

We affirm and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Early in the evening of February 16, 2012, Sally Appleget and her husband Matthew drove through a Marsh parking lot in Indianapolis on their way to a nearby cigarette store. As Sally was driving through the lot, she passed Pernell, his girlfriend, and her son, who were walking toward the store. Pernell and his girlfriend thought Sally had driven too fast and too close to them, so Pernell hit the back right rear of the Applegets' truck as it passed.

Sally heard the noise and stopped the truck. Matthew exited the truck and walked to the back where Pernell was standing while Sally watched in the rearview mirror. Matthew asked him what his problem was, and the two men began to argue. They were standing a little farther than an arms' length apart, and Pernell was holding his cell phone in one hand.

Pernell was obviously younger than Matthew and a head taller. Although Matthew made no comments, gestures, or movements that indicated a desire to engage in a physical confrontation, Pernell put his cell phone down, raised his fists as if to fight, and hit Matthew in the side of the face or head with his right fist. As a result of the blow,

Matthew fell down to the pavement unconscious. Matthew never regained consciousness and died one week later from a traumatic brain injury that he suffered either from the blow to the head or from the fall to the pavement.

Immediately after the blow, Pernell, his girlfriend, and her son returned to Pernell's truck and drove to a nearby gas station. Police arrested him a short time later at the station. The State charged him with aggravated battery, as a Class B felony. Following a bench trial, the court found him guilty of the lesser included offense of battery resulting in serious bodily injury, as a Class C felony. The trial court sentenced Pernell to six years with two years suspended to probation. Pernell now appeals.

**DISCUSSION AND DECISION**

**Issue One: Sufficiency of Evidence**

When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

Pernell appeals his conviction for battery resulting in serious bodily injury, as a Class C felony. To prove that offense, the State was required to show that Pernell knowingly or intentionally touched Matthew in a rude, insolent, or angry manner, resulting in serious bodily injury to Matthew. See Ind. Code § 35-42-2-1(a)(3).

3

"'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes . . . unconsciousness . . . ." Ind. Code § 35-31.5-2-292(2).

Pernell argues that there is a "gap in the evidence" between his punch to Matthew's face or head and the traumatic brain injury that resulted in Matthew's death. Appellant's Brief at 6. In other words, Pernell contends that the blow he struck to Matthew could not have caused all of the injuries Matthew suffered and, therefore, the State did not prove that that battery resulted in serious bodily injury. But Pernell limits his argument to the type of injuries Matthew sustained. He does not deny that Matthew was rendered unconscious following the blow. Again, a rude or insolent touching that renders the victim unconscious, without more, is sufficient to show serious bodily injury as a Class C felony under Section 35-31.5-2-292(2). It is undisputed that Matthew was unconscious following the blow by Pernell and never regained consciousness. Pernell's argument on this point must fail.

Pernell also contends that Matthew's medical history made him more susceptible to strokes and that that fact "introduces reasonable doubt into the matter of whether the blow to the facial area from [Pernell's] fist actually caused the serious bodily injury in this case." Appellant's Brief at 7. We cannot agree. There is a "long-standing rule of both criminal and tort law that a defendant takes his victim as he finds him." Bailey v. State, 979 N.E.2d 133, 142 (Ind. 2012). Thus, the fact that Matthews had a medical history that may have predisposed him to strokes does not make Pernell any less culpable for causing serious bodily injury, such as unconsciousness, when he hit Matthew in the face or head. Pernell's argument to the contrary is incorrect under the law and must fail.

4

Pernell appealed only the sufficiency of evidence supporting the serious bodily injury element of Class C felony battery. The evidence clearly shows that Pernell hit Matthew in the head and that, as a result of the blow, Matthew fell, was rendered unconscious, and sustained serious head trauma from which he died. The evidence is sufficient to support Pernell's conviction for Class C felony battery resulting in serious bodily injury.

### Issue Two:  Erroneous Abstract of Judgment

Pernell next contends and the State concedes that the abstract of judgment erroneously reflects that he was convicted of battery, as a Class B felony. At the close of evidence, the trial court stated:  "Given that the State has rested and defense has rested, court finds Marcus Pernell guilty of the lesser included offense of battery as a class C felony and will enter judgment of conviction to the same." Transcript at 282. And at the beginning of the sentencing hearing, the court reiterated that it "had found Pernell guilty of battery as a class C felony, the lesser included of Count One [aggravated battery, as a Class B felony]." Id. at 284. Yet the abstract of judgment provides that Pernell was convicted of aggravated battery, as a Class B felony, under Indiana Code Section 35-42-2-1.5. Thus, we remand with instructions for the trial court to enter a corrected abstract of judgment accurately reflecting that Pernell was convicted of battery, as a Class C felony.

Affirmed and remanded with instructions.

BAKER, J., and CRONE, J., concur.