**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Mar 06 2014, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1307-CR-569 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley E. Kroh, Commissioner
Cause No. 49G16-1301-FD-1081

**March 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Following a bench trial, Michael Williams was convicted of battery resulting in bodily injury, a Class A misdemeanor. He appeals, raising one issue for our review: whether sufficient evidence supports his conviction. Concluding the State presented sufficient evidence to support the conviction, we affirm.

## Facts and Procedural History

The facts most favorable to the judgment indicate that on December 28, 2012, Sherry Douglas returned to her apartment after shopping for groceries. Douglas was angry because she called Williams, her then-boyfriend, to ask for help carrying in the groceries but Williams did not answer the phone call. Inside the apartment, Douglas repeatedly expressed to Williams that she wanted to be left alone and did not want to talk about the missed phone call. Williams became upset, threw dishes and pushed her against the kitchen counter. Douglas picked up a frying pan and swung it at Williams but did not make contact with him.

Douglas then gathered Williams's clothes and belongings from the apartment and threw them into the hallway. After Williams left the apartment, Douglas heard a loud bang on the door. When she opened the door, Williams pulled her by her arms out into the hallway, threw her to the floor, pinned her down, and hit her three to four times in the face with a closed fist. Williams left the building but returned shortly thereafter, grabbed Douglas and began shaking her.

Tiana Cathy, Douglas's neighbor, heard several loud noises and witnessed Williams shaking Douglas. Cathy called the police at Douglas's request. By the time Officer

2

Nathanial Schauwecker responded to the call, Williams had left the scene. When Officer Schauwecker encountered Douglas, she was upset and disheveled and he saw discoloration and swelling on her forehead, the right side of her face, and her lip. Inside the apartment, Officer Schauwecker noted that the apartment was generally well-kept but the kitchen was in disarray and the apartment door was damaged. Photographs taken at the scene and admitted at trial depict broken dishes on the kitchen counter and a dent to the door of the apartment. Photographs taken of Douglas and admitted at trial show a bruise on Douglas's left leg and swollen eyes. Douglas testified that she also had bruises on her face and forehead, a busted lip, swollen nose, and sore ribs, and that her "whole body ended up hurting the next day." Transcript at 25.

The State charged Williams with battery as a Class A misdemeanor. Following a bench trial, Williams was convicted as charged and sentenced to 365 days with credit for twelve days served and 353 days suspended to probation.[1] Williams now appeals his conviction.

Discussion and Decision

I. Standard of Review

In reviewing claims for sufficiency of evidence, we do not reweigh evidence or judge the credibility of the witnesses. Corbin v. State, 840 N.E.2d 424, 428 (Ind. Ct. App. 2006). We only consider the evidence most favorable to the judgment and the reasonable inferences that may be drawn from it. Id. As long as each element of the charged crime

---

[1] The State also charged Williams with criminal confinement, a Class D felony but that charge was dismissed during the trial at the State's request.

3

may be satisfied beyond a reasonable doubt from the probative evidence, the judgment will be affirmed. Davis v. State, 598 N.E.2d 1041, 1045 (Ind. 1992).

## II. Sufficiency of Evidence

To convict Williams of battery, the State was required to prove that Williams knowingly or intentionally touched Douglas in a rude, insolent, or angry manner that resulted in bodily injury. Ind. Code § 35-42-2-1(a)(1)(A). Bodily injury is defined as "any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29. Williams argues that the State failed to prove his guilt because he denied engaging in an altercation with Douglas, no one saw them fighting, and the photographs do not support Douglas's claim of bodily injury.

Douglas testified that Williams grabbed her forearms, threw her into the hallway, and punched her face three to four times with a closed fist. Douglas also testified that she felt pain and experienced bruising and swelling on her forehead, nose, lip, ribs, and leg. In addition, Cathy testified that she saw Williams "shaking [Douglas] kind of violently" while he was apologizing to her. Tr. at 34-35. Officer Schauwecker testified that he observed swelling and discoloration to Douglas's face. Williams argues that this testimony is not enough to sustain the conviction of battery.

The uncorroborated testimony of a victim that she suffered any pain from a rude, insolent, or angry touch is sufficient to sustain a battery conviction alleging bodily injury. Bailey v. State, 979 N.E.2d 133, 137-38 (Ind. 2012). In Bailey, the victim's testimony that the defendant poked her in the forehead and shoved her, causing her pain, was the only evidence put forth by the State at trial. The defendant denied putting his hands on the victim in any way; however, the trial court found him guilty. Our supreme court affirmed

4

the conviction noting the trial court credited the victim's testimony and that any physical pain is sufficient to prove impairment of physical condition. Id. at 143. Here, Douglas testified that Williams's actions caused her pain, swelling, and bruising. This is sufficient to prove battery.

Williams argues that Douglas's "ulterior motive for alleging a battery when none occurred is just too blatant to ignore." Brief of Appellant at 8. This is an invitation for us to reweigh the evidence and assess the credibility of the testimony for ourselves. The trial court was not persuaded by Williams's testimony and instead credited Douglas's. This court will not invade the fact finder's exclusive province to determine the credibility and weight of evidence. Jackson v State, 925 N.E.2d 369, 375 (Ind. 2010).

## Conclusion

The State presented sufficient evidence to support Williams's conviction for battery. We therefore affirm the conviction.

Affirmed.

BARNES, J., and BROWN, J., concur.