Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 30 2014, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DERRICK ZINERMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1402-CR-81 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David M. Seiter, Judge
Cause No. 49F07-1303-CM-20187

**September 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Derrick Zinerman appeals his conviction for Class A misdemeanor carrying a handgun without a license. We affirm.

**Issue**

Zinerman raises one issue, which we restate as whether there is sufficient evidence to support his conviction.

**Facts**

On March 26, 2013, Zinerman was driving a car in Marion County when he made an abrupt turn without signaling. Officer Romeo Joson of the Indianapolis Metropolitan Police Department saw the turn and initiated a traffic stop. During the traffic stop, Officer Joson learned that Zinerman was operating without a driver's license. Officer Joson asked Zinerman to get out of the car and asked him if he had any weapons. Zinerman informed Officer Joson that he had a gun in his pocket and indicated that he had a license for the gun. Officer Joson retrieved a loaded semi-automatic pistol from Zinerman's pocket. When Officer Joson attempted to verify the validity of the permit, which Zinerman kept in his wallet, he learned that it had expired on March 18, 2013.

The State charged Zinerman with Class A misdemeanor carrying a handgun without a license, Class A misdemeanor driving while suspended, and Class C misdemeanor operating a vehicle having never received a license. Following a bench trial, Zinerman was found guilty as charged.[1] He now appeals.

---

[1] The trial court merged the driving while suspended and driving while never having received a license offenses. Zinerman does not challenge that conviction on appeal.

**Analysis**

Zinerman argues that there is insufficient evidence to support his conviction for carrying a handgun without a license because he mistakenly believed his permit was valid. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. Bailey v. State, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.

The State alleged Zinerman "did knowingly or intentionally carry a handgun in a vehicle or on or about his or her person without being licensed as required by law." App. p. 16. At the time of the offense, Indiana Code Section 35-47-2-1(a) provided that, unless one of the statutory exceptions applied, "a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this chapter to carry a handgun." The violation of this section was a Class A misdemeanor. Ind. Code § 35-47-2-23(c). It is not necessary to allege the absence of a required license, and "[t]he burden of proof is on the defendant to prove that he is exempt under section 2 of this chapter, or that he has a license as required under this chapter." I.C. §35-47-2-24(a).

Zinerman contends that he simply forgot to renew his license and that the mistake of fact defense should apply because he mistakenly believed he was in compliance with the law. See Ind. Code § 35-41-3-7 ("It is a defense that the person who engaged in the

3

prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense."). That defense does not apply here, where Zinerman, not the State, had the burden of proving that the handgun license was valid. See I.C. § 35-47-2-24(a); see also Harris v. State, 716 N.E.2d 406, 411 (Ind. 1999) (addressing a previous version of I.C. § 35-47-2-1 and explaining, "once the State proves that the defendant carried a handgun on or about his person, away from his dwelling or business, the burden shifts to the defendant to establish that he possessed a valid license").

The evidence clearly established that Zinerman knowingly or intentionally carried a handgun without a valid license. Because the mistake of fact defense is not available here, where Zinerman had the burden of proving that he had a valid license to carry the gun, he has not established that the evidence is insufficient to support the conviction.

### Conclusion

There is sufficient evidence to support Zinerman's conviction for carrying a handgun without a license. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.

4