# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 23 2017, 9:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Janise K. Cox,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 23, 2017

Court of Appeals Case No.
49A04-1703-CR-519

Appeal from the
Marion Superior Court

The Honorable
David E. Lewis, Judge Pro Tempore

Trial Court Cause No.
49G17-1607-F6-27433

**Kirsch, Judge.**

[1] Janise K. Cox ("Cox") appeals her conviction for Class A misdemeanor domestic battery,[1] challenging the sufficiency of the State's evidence.

[2] We affirm.

## Facts and Procedural History

[3] Cox and M.G. ("M.G.") are the parents of two children. They have been separated for years and have an agreed custody arrangement. On July 3, 2016, M.G. arrived at Cox's mother's home to drop off the children. M.G.'s friend, Kevin Hunter ("Hunter"), was a passenger in M.G.'s truck at the time of the exchange. Cox appeared by M.G.'s truck and yelled at him concerning child support. Cox became "kind of aggressive," so M.G. used his cell phone to record some of the incident. *Tr.* at 12. Cox hit M.G. with a closed fist in the face, he called 911, and she continued to try to hit him. Cox stopped when her stepfather came out of the house and intervened.

[4] The State charged Cox with count I, Level 6 felony domestic battery, and count II, Class A misdemeanor domestic battery. At the bench trial, M.G. testified that when he arrived at Cox's mother's home, he got out of the car briefly, as the kids exited and walked to the house, and Cox appeared unexpectedly at the back of his truck. As he tried to get back into the vehicle, she prevented him from closing his door and yelled at him. M.G. testified that Cox "punched"

---

[1] *See* Ind. Code § 35-42-2-1.3(a)(1).

him with a closed fist and that he received bruises to the side of his face. *Id.*; *see also id.* at 19 ("She landed a punch on the side of my face."). M.G.'s cell phone video recording was admitted over Cox's objection. M.G. stated that he stopped recording as he called 911 and held out his arm to try "to keep her from hitting me[,]" but she continued to "swing" at him. *Id*. at 14.

[5] Hunter, who was seated in the truck when the children and M.G. got out of the vehicle, testified that Cox and M.G. "started arguing" and that Cox "swung on [M.G.]." *Id*. at 22-23. Cox also testified at trial, stating that she and M.G. argued and that she pushed M.G.'s phone out of her face, but she denied that she hit M.G.

[6] After the State rested, Cox moved for and was granted involuntary dismissal as to count I. Finding that M.G. was "very believable" and Cox was "not very believable at all," the trial court found Cox guilty of Class A misdemeanor domestic battery. *Id*. at 34. Cox now appeals.

## Discussion and Decision

[7] Cox argues that the evidence was insufficient to support her conviction for domestic battery.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence,

they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State,* 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original). "A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim." *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).

[8] To convict Cox of domestic battery as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that she knowingly touched M.G. in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1.3(a)(1). Cox alleges on appeal that the evidence does not establish the element of touching M.G. in a rude, insolent, or angry manner.

[9] On appeal, Cox suggests that M.G.'s video recording did not show her touch or hit M.G., and argues that, although M.G. testified that she punched him, he "had a motive to fabricate a story" and "exaggerate the account of the situation," in order to "get back at [Cox]." *Appellant's Br*. at 9. Cox's argument is merely a request for us to reweigh the evidence on appeal, which we cannot do. *Palacios v. State*, 926 N.E.2d 1026, 1034 (Ind. Ct. App. 2010). The State presented sufficient evidence to convict Cox of Class A misdemeanor domestic battery.

Affirmed.

Najam, J., and Brown, J., concur.