## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 13 2019, 10:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
RaeAne L. Pryor
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Laurin A. Smith, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 13, 2019 <br><br> Court of Appeals Case No. 19A-CR-1287 <br><br> Appeal from the Decatur Superior Court <br><br> The Honorable Matthew D. Bailey, Judge <br><br> Trial Court Cause No. 16D01-1710-CM-1029 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Laurin A. Smith (Smith), appeals her conviction and sentence for battery resulting in bodily harm, a Class A misdemeanor, Ind. Code §§ 35-42-2-1(c)(1); -(d)(1).

We affirm.

# ISSUES

Smith presents two issues on appeal, which we restate as follows:

(1) Whether the State presented sufficient evidence beyond a reasonable doubt to convict Smith of battery resulting in bodily harm; and

(2) Whether Smith's sentence is inappropriate in light of the nature of the offense and her character.

# FACTS AND PROCEDURAL HISTORY

Prior to divorcing, Smith and Robert Dean (Dean) had four children together. On September 29, 2017, Dean, Dean's girlfriend, Jessica Lindsey (Lindsey), and the four children were spending the night at the Baymont Inn in Greensburg, Indiana. Dean, who lived in Alabama, was exercising his parenting time with the children that weekend. The following morning, Smith arrived at the hotel, asking to see her children. She spoke with Dean, who consented to let her see the children but requested that she remain in the lobby. Smith waited, but the children did not come down.

[5] When the children failed to appear, Smith went to Dean's room on the second floor. Peggy Glover (Glover), who works in housekeeping for the Baymont Inn, was cleaning an adjacent room when Smith arrived on the second floor. Smith "was upstairs waiting for her ex-husband to come out of the room or something and she kept just sitting there and pretty much aggravating them." (Transcript p. 23). Glover heard Smith talk to the children through the door; "all you heard in the room [] was [sic] her kids screaming and crying because [Smith] was acting crazy the first time she beat on the door" (Tr. p. 19) Smith yelled, "just let me have my kids." (Tr. p. 19). At some point, Lindsey opened the door wide enough for Smith to stick her foot in the opening and keep the door open. While Smith forced the door open, "[o]ne of the kids got knocked out of the way[.]" (Tr. p. 24). Glover heard the screaming, exited the room she was cleaning and went down toward Dean's room. Glover noticed that the little girl "was laying there crying[.]" (Tr. p. 20). Smith "was in the room and she had the girlfriend by the hair." (Tr. p. 24). Glover "did see [Smith] pull [Lindsey's] hair." (Tr. p. 25). Lindsey was "telling her to let go. She was screaming a little" and appeared to be in pain. (Tr p. 26).

[6] On October 2, 2017, the State filed an Information, charging Smith with battery resulting in bodily injury, a Class A misdemeanor. On April 30, 2019, the trial court conducted a bench trial, at the close of which Smith was found guilty as charged. That same day, the trial court sentenced Smith to 360 days, suspended to probation.

[7] Smith now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

## I. *Sufficiency of the Evidence*

[8]    Smith contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain her conviction for battery resulting in bodily injury. Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Clemons v. State*, 987 N.E.2d 92, 95 (Ind. Ct. App. 2013). We consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id*. Circumstantial evidence alone is sufficient to support a conviction. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). Circumstantial evidence need not overcome every reasonable hypothesis of innocence. *Clemons*, 987 N.E.2d at 95. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id*.

[9]    To convict Smith of battery resulting in bodily injury as a Class A misdemeanor, the State was required to establish beyond a reasonable doubt that Smith knowingly or intentionally touched Lindsey in a rude, insolent, or angry manner, resulting in pain. *See* I.C. §§ 35-42-2-1(c)(1); -(d)(1). Bodily injury, in turn, is defined by statute as "any impairment of physical condition, including physical pain." I.C. § 35-31.5-2-29. "Any degree of physical pain

may constitute a bodily injury[.]" *Bailey v. State*, 979 N.E.2d 133, 142 (Ind. 2012).

[10] The evidence presented reflects that Smith forced her way into the hotel room by putting her foot in the door. Once inside, she grabbed Lindsey by the hair until she screamed and yelled for Smith to let go of her hair. Glover testified that Lindsey appeared to be in pain. The trial court could reasonably infer from this evidence that Lindsey felt pain when Smith pulled her hair.

[11] Smith now attempts to place doubt on Glover's testimony, as Lindsey did not appear for trial and Glover's testimony was the only evidence presented by the State to establish the bodily injury prong of the statute. However, the trial court explicitly "found the testimony of [Glover] to be credible. And [Glover observed [Smith] pull the hair of [Lindsey], causing physical pain to Lindsey." (Tr. p. 54). As we cannot reevaluate the credibility of witnesses, we conclude that the State presented sufficient evidence to sustain Smith's conviction.

## II. *Sentence*

[12] Next, Smith asserts that the trial court abused its discretion in sentencing her to an inappropriate sentence under Indiana Appellate Rule 7(B). Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. "The 7(B) appropriateness inquiry is a discretionary exercise of the appellate court's judgment, not unlike the trial court's discretionary sentencing

determination." *Knapp v. State*, 9 N.E.3d 1274, 1291-92 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). "On appeal, though, we conduct that review with substantial deference and give due consideration to the trial court's decision—since the principal role of our review is to attempt to leaven the outliers, and not to achieve a perceived correct sentence." *Id*. at 1292. Accordingly, the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). It is the defendant's burden on appeal to persuade the reviewing court that the sentence imposed by the trial court is inappropriate. *Chappell v. State*, 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied*.

[13] Smith committed a Class A misdemeanor. "A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year[.]" I.C. § 35-50-3-2. Here, the trial court sentenced Smith to 360 days suspended to probation. While Smith complains that the trial court sentenced her to the "maximum," that statement is misleading as "[c]ommon sense dictates that less executed time means less punishment." *Jenkins v. State*, 909 N.E.2d 1080, 1084 (Ind. Ct. App. 2009), *trans. denied*.

[14] Regarding the nature of the crime, we note that Smith committed a battery on another adult in the presence of her minor children, after forcing herself into the hotel room. While entering the room, she pushed the door into her five-year-old child, knocking her to the ground. Glover testified that the children were "being shoved around . . . pretty good." (Tr. p. 26).

[15] Turning to her character, we note that Smith maintains employment and does not have a criminal history. We agree with the State that maintaining employment and not committing crimes are societal baselines, they are not "substantial virtuous traits or persistent examples of good character." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Rather, Smith exhibited some bad judgment by insisting on seeing the children during their father's parenting time and by escalating the situation into a physical altercation in front of the children. At trial, she attempted to portray herself as a victim, such that the trial court declared her "version of events to be implausible." (Tr. p. 54). In sum and based on the facts before us, we cannot conclude that Smith's sentence is inappropriate.

# CONCLUSION

[16] Based on the foregoing, we conclude that the State presented sufficient evidence to support Smith's conviction beyond a reasonable doubt. In addition, we hold that Smith's sentence is not inappropriate in light of the nature of the offense and her character.

[17] Affirmed.

Vaidik, C. J. and Bradford, J. concur