# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 18 2020, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald E. Barrett,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 18, 2020

Court of Appeals Case No.
20A-CR-580

Appeal from the Allen Superior Court

The Honorable David M. Zent, Judge

Trial Court Cause No.
02D06-1909-F5-290

**Crone, Judge.**

## Case Summary

[1]     Ronald E. Barrett appeals his conviction, following a bench trial, for level 5 felony domestic battery. He challenges the sufficiency of the evidence supporting his conviction. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

[2]     The facts most favorable to the conviction are as follows. Sometime prior to the summer of 2019, Barrett and then seventeen-year-old Z.R. engaged in a sexual relationship that resulted in the birth of a daughter in July 2019. Barrett had not seen their daughter since her birth, so on July 21, 2019, he picked up Z.R. and their daughter and drove to a relative's house in Allen County where they stayed a few hours. When they left, Z.R. and Barrett began arguing. Z.R. accused Barrett of "running in and out of the house" to use his phone and "not spending time with [their daughter]." Tr. Vol. 2 at 33. She also became upset because Barrett was texting while he was driving. When Z.R. attempted to grab Barrett's cell phone, he threw it down and then "back fisted" her in the nose two times. *Id.* at 34. Barrett pulled the car over, and Z.R. got out of the car with the baby. Barrett tried to convince Z.R. to get back in the car, but she refused, so Barrett drove off.

[3]     Z.R.'s nose "hurt a lot" and was bleeding. *Id.* at 35. She started walking with her daughter and came across a couple on their porch who gave her a ride home. Z.R. called her mother and grandmother, who convinced her to call 911 and go to the hospital. Fort Wayne Police Department Officer Jeremy Shelley

responded to the 911 call and observed that Z.R. was "crying, fearful," and "afraid." *Id*. at 58.  Officer Shelley also noted that Z.R. had "bruising, redness, [and] swollenness" around her nose as well as a "small cut on her nose up in between her eyes." *Id.* at 59.  When Z.R.'s grandmother saw her after the incident, she observed that Z.R.'s nose was swollen and "crooked." *Id*. at 54.

[4]     Z.R.'s injuries consisted of a fractured nose and damage to both sides of her sinuses which required surgery a few weeks later.  *Id.* 38, 67.  After surgery, Z.R. described her pain as "ten plus." *Id.* at 38.   Z.R. complained of pain for two to three weeks after the incident.  *Id*. at 50.

[5]     On September 10, 2019, the State charged Barrett with level 5 felony domestic battery.  Barrett filed a waiver of a jury trial and requested a bench trial.  He also waived his right to an attorney and chose to proceed pro se.  Following the bench trial, the trial court found Barrett guilty as charged and imposed a five-year executed sentence. This appeal ensued.

## Discussion and Decision

[6]     Barrett challenges the sufficiency of the evidence supporting his conviction.  In reviewing a sufficiency claim, we neither reweigh the evidence nor assess the credibility of witnesses.  *Cannon v. State*, 142 N.E.3d 1039, 1042 (Ind. Ct. App. 2020).  We consider only the evidence most favorable to the judgment and the reasonable inferences supporting it.  *Id*.  It is "not necessary that the evidence 'overcome every reasonable hypothesis of innocence.'"  *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007) (quoting *Moore v. State*, 652 N.E.2d 53, 55 (Ind.

1995)). "We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

[7] To convict Barrett of domestic battery as charged here, the State was required to prove beyond a reasonable doubt that he "knowingly or intentionally touche[d] a family or household member in a rude, insolent, or angry manner." Ind. Code § 35-42-2-1.3(a)(1). Although domestic battery is generally a class A misdemeanor, the offense becomes a level 5 felony if it resulted in serious bodily injury to a family or household member. Ind. Code § 35-42-2-1.3(c). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes: (1) serious permanent disfigurement; (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or (5) loss of a fetus. Ind. Code § 35-31.5-2-292. A "family or household member" includes an individual that "is or was engaged in a sexual relationship with" the defendant. Ind. Code § 35-31.5-2-128(a).

[8] Barrett first asserts that the State failed to prove that he struck or touched Z.R. in a rude, insolent, or angry manner. However, Barrett concedes that Z.R. testified that he got angry with her and twice "back-fisted" her in the nose, Tr. Vol. 2 at 34, and he acknowledges that a conviction can be sustained upon the uncorroborated testimony of a single witness, even if that witness is the victim. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). Barrett further acknowledges that "it is not the job of the Appellate Court to re-weigh the evidence or judge

the credibility of the witnesses." Appellant's Br. at 13. Z.R.'s testimony alone is sufficient to prove that Barrett knowingly or intentionally touched her in a rude, insolent, or angry manner.

[9] Next, Barrett challenges the sufficiency of the evidence to establish that Z.R. was a family or household member. Z.R. and Barrett each testified that they believed that Barrett was the father of Z.R.'s daughter, which clearly supports a finding that they are or were engaged in a sexual relationship. Barrett admits in his brief that "given the testimony of [Z.R.], and the concession of Barrett, there doesn't seem to be much room for an argument that the State failed to establish that [Z.R.] was a family or household member." *Id*. at 14. Accordingly, any challenge to the sufficiency of the evidence in this regard is a nonstarter.

[10] Finally, Barrett asserts that the State failed to prove that Z.R. suffered serious bodily injury, and therefore his level 5 felony conviction should be reduced to a class A misdemeanor. The evidence established that Z.R. suffered a fractured nose that required surgery, and she described her pain after surgery as a "ten plus." Tr. Vol. 2 at 38. We have little difficulty agreeing with the trial court that this qualifies as "extreme pain" within the meaning of Indiana Code Section 35-31.5-2-292. The State presented sufficient evidence to support Barrett's conviction for level 5 felony domestic battery.

[11] Affirmed.

Robb, J., and Brown, J., concur.