**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PHILIP R. SKODINSKI**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS KNIGHT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1309-CR-475 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No. 71D02-1109-FB-147

**March 25, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Dennis Knight appeals his conviction for one count of Class B felony robbery. We affirm.

**Issue**

Knight raises one issue, which we restate as whether the State presented sufficient evidence to establish his identity.

**Facts**

On August 16, 2011, Sabrina Wills was working at a gas station in South Bend. While she was restocking cigarettes, a man walked in and asked for a Black and Mild. Wills turned around to retrieve the cigar, and when she turned around, the man was armed with a gun and holding a plastic grocery bag. The man demanded "the money and everything under the drawer." Tr. p. 33. The man took the money, and Wills called 911. When police arrived, Wills described the perpetrator to police. Wills later identified Knight in a photo array as the man who robbed her.

The State charged Knight with five counts of Class B felony robbery. Four of the counts related to other incidents, and Count V related to this incident. Knight was tried separately on this count. Although Knight was not present at his jury trial, the jury found him guilty of the Class B felony robbery charge. Knight now appeals.

**Analysis**

Knight argues that there is insufficient evidence to establish his identity. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. Bailey v. State, 979 N.E.2d 133, 135 (Ind. 2012).

2

We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.

Wills described the perpetrator's race, height, weight, age, clothing, and general appearance to police within ten minutes of the robbery. Although the perpetrator was wearing a hat, surveillance video confirmed Wills's general description of the robber, and this video was shown to the jury. Wills also gave the same description to police several days later when she identified Knight in a photo array as the perpetrator.

At trial, Wills testified she was 100% certain that the person she identified in the photo array was the man who robbed her. Wills also testified that she was one and one-half feet from the robber, that there was nothing obstructing her view of him, and that he was the only other person in the store. She explained that, although she avoided looking him in the eyes too long, she saw his face. She testified that his hat did not obstruct her view of his forehead, eyes, mouth, and chin. Because Knight was not present at the trial, the State used his booking photo to identify him at trial, and Wills testified that the person in that photo was the same person who robbed her.

Knight basically argues that Wills's identification of him was unreliable because she was scared during the robbery. This is nothing more than a request to reweigh the evidence. We cannot do this. There is sufficient evidence to establish that Knight committed the robbery.

3

## Conclusion

The State presented sufficient evidence to establish Knight's identity at trial. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.