Truedale WILLIAMS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–0012–CR–741.

Supreme Court of Indiana.

Sept. 11, 2002.

Jerry T. Drook, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Truedale Williams was convicted of robbery causing serious bodily injury for stealing another man's wallet and then stabbing him. We affirm his conviction over his claim that a photo array shown by the police to the victim was unduly suggestive. We find there was little likelihood of misidentification because the victim had ample opportunity to view his attacker.

*Background*

The facts most favorable to the judgment indicate that on the evening of October 3, 1999, the victim in this case was driving in the vicinity of the Varsity Lounge Bar in Indianapolis. The victim

spotted Defendant on the street and began a conversation with him. This led to the victim inviting Defendant home with him. On the way, the two discussed having sex. After spending some time at the victim's house, the victim became uncomfortable with Defendant and decided to drive him home. Instead, Defendant directed the victim to a residential street where he demanded the victim's wallet. Once the victim gave him the wallet, Defendant began stabbing him. The victim suffered a collapsed lung. The police found a fingerprint on the passenger side of the victim's car and later identified it as belonging to Defendant.

The victim was shown a photo array and asked whether he recognized anyone. He immediately identified Defendant as his attacker.

Defendant was found guilty of robbery causing serious bodily injury, a class A felony.[1] He also pleaded guilty to being a habitual offender. The trial court sentenced Defendant to a total of 60 years incarceration—30 years for the robbery, enhanced by another 30 years for being a habitual offender.

### Discussion

■ Defendant contends that the photo array was impermissibly suggestive and created a substantial likelihood of misidentification. The photo array contained six color photographs. The backgrounds in the picture were gray except for Defendant's picture. The background in Defendant's picture was tinted light green.

■ The Due Process Clause of the Fourteenth Amendment requires suppression of testimony concerning a pre-trial identification when the procedure employed is impermissibly suggestive. *Harris v. State*, 716 N.E.2d 406, 410 (Ind. 1999); *Parker v. State*, 698 N.E.2d 737,

740 (Ind.1998); *James v. State*, 613 N.E.2d 15, 27 (Ind.1993). A photographic array is impermissibly suggestive if it raises a substantial likelihood of misidentification given the totality of the circumstances. *Harris*, 716 N.E.2d at 410.

■ A trial court considers certain factors to evaluate the likelihood of a misidentification: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; and (4) the level of certainty demonstrated by the witness. *James*, 613 N.E.2d at 27. If the pre-trial identification procedure was unduly suggestive, then testimony relating to it is inadmissible. *Farrell v. State*, 622 N.E.2d 488, 493 (Ind.1993).

Here the witness had ample opportunity to view the Defendant. This was not a crime like a mugging or purse snatching where the victim gets only a glance at the attacker. In this case, the victim spent an extended period of time with Defendant prior to the crime. He spoke with Defendant on the street and invited him home. At his home, the victim and Defendant continued to speak and even touched each other. The victim then drove Defendant to a residential neighborhood where the crime occurred. The victim was shown the photo array nine days after the attack. Officer Wallace testified that the victim immediately identified Defendant out of the photo array.

There is no doubt here that the victim spent enough time with Defendant to be able to identify him nine days later. Given the time that the victim and Defendant spent together, it is unlikely that the green tint of Defendant's background would confuse the victim and cause him to identify

1. Ind.Code § 35–42–5–1.

the wrong person.  The trial court did not err by admitting the photo array.

*Conclusion*

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.