Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**PHILIP R. SKODINSKI**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 29 2014, 10:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS KNIGHT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1401-CR-40 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No. 71D03-1109-FB-147

**May 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Dennis Knight challenges the sufficiency of evidence supporting his conviction for class B felony robbery. Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

Around 9:30 p.m. on August 15, 2011, several employees of a South Bend fast food restaurant were cleaning up the otherwise empty restaurant when a man later identified as Knight approached the counter and ordered a sandwich. The assistant manager ("cashier") took his order, quoted him a price, and accepted his payment. When she opened the cash drawer, Knight said, "I'll take the rest of that; I'm not kidding; I'll f**k'n blow your head off." Tr. at 35. She looked directly at Knight's face, and the two established eye contact. She briefly looked down and noticed that he was pointing a gun at her. Knight reached over the counter, grabbed $200 from the cash drawer, put it in a bag, and fled. The cashier phoned 911. When police arrived, the cashier described the robber's clothing, height, build, age, race, and complexion. *See* Tr. at 36 ("He looked like he had either acne marks or stubble or both."). A subsequent check of the restaurant's surveillance tape verified the accuracy of her description.

A week later, the cashier was inside a nearby convenience store and noticed a photo on the wall. She immediately recognized the man in the photo as a younger version of the robber and brought it to the attention of the convenience store clerk. A few days later, the cashier met with police and identified Knight from a photo array consisting of six photographs of persons of similar age, ethnicity, and complexion.

The State charged Knight with class B felony robbery with a deadly weapon.[1] Knight filed a motion to suppress identification testimony, which the trial court denied. At trial, the cashier identified Knight as the robber both in person and by photo array. The jury convicted Knight as charged, and he now appeals.

**Discussion and Decision**

Knight contends that the evidence is insufficient to support his conviction. When reviewing a sufficiency claim, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* To be sufficient, the evidence need not overcome every reasonable hypothesis of innocence. *Id.* A conviction can be sustained on the uncorroborated testimony of a single witness, even where that witness is the victim. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).

Knight claims that the State failed to establish his identity as the robber. Specifically, he asserts that the cashier misidentified him after seeing his photo on the wall at a nearby convenience store. In other words, he maintains that she remembered his face not from the robbery but from the convenience store photo. When evaluating the likelihood of a misidentification, the trial court considers the following factors: (1) the witness's

---

[1] The instant charge was Count III of a five-count information against Knight, with all five counts being for different alleged acts of class B felony robbery. Ind. Code § 35-42-5-1. Count III was severed and tried separately.

opportunity to view the robber at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the robber; and (4) the level of certainty demonstrated by the witness. *Williams v. State*, 774 N.E.2d 889, 890 (Ind. 2002).

During the robbery, the cashier stood two feet from Knight. She had an unobstructed view of him while she took his order, accepted his payment, and attempted to give him his change. When he threatened her and demanded the cash in the drawer, she maintained eye contact with him, except to notice that he had a gun pointed at her. When police arrived, the cashier described with specificity her robber's clothing, height, build, age, skin color, and facial features. The surveillance tape corroborated her description. All of this occurred before she ever saw Knight's face on the convenience store wall.

A week later, when the cashier was inside the nearby convenience store and saw Knight's photo on the wall, she immediately recognized him as a younger version of the man who had robbed her at gunpoint. She twice identified Knight again, in a photo array and then in court.

In sum, the cashier observed Knight at close proximity, and her attention was fixed on him and his weapon. She identified him with certainty and described him specifically and accurately. His arguments concerning her emotions as a victim and the influence of the convenience store photo amount to invitations to reweigh evidence and assess witness credibility, which we may not do. The evidence is sufficient to support Knight's conviction. Accordingly, we affirm.

Affirmed.

BAKER, J., and BARNES, J., concur.