## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 17 2015, 10:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Joel C. Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kenneth E. Biggins
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James D. Benge,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 17, 2015

Court of Appeals Cause No.
67A01-1409-CR-393

Appeal from the Putnam Superior Court
Cause Nos. 67D01-1304-CM-166, 67D01-1304-CM-170

The Honorable Thomas Milligan, Senior Judge

**Barnes, Judge.**

# Case Summary

James Benge appeals his conviction for Class A misdemeanor invasion of privacy. We affirm.

# Issue

Benge raises one issue, which we restate as whether there is sufficient evidence to support his conviction.

# Facts

In the March 2013, Benge and his wife, Melissa Benge, were separated, and she had filed for divorce. The couple had one daughter and exchanged custody at the Greencastle Police Department. At a March 19, 2013 hearing related to the dissolution, an order of protection was issued prohibiting Benge "from harassing, annoying, telephoning, contacting or directly or indirectly communicating with" Melissa. Cause No. 166 Ex. 1. The child was not removed from the protective order to allow for parenting time.

During a custody exchange on March 24, 2013, Melissa arrived at the police station before Benge. When Benge arrived, he left their child in his car and walked over to Melissa's car. Melissa described Benge as "irritated" about the protective order and pending criminal charges. Tr. p. 67. Benge asked Melissa about Kevin Strezlic and wanted to know who Strezlic was and how Melissa knew Strezlic because he had become Facebook friends with Melissa. Benge also told Melissa he wanted to meet Strezlic. Melissa told Benge it was none of

his business, and the conversation lasted for ten to fifteen minutes. The conversation did not relate to the couples' child.

[4] On April 4, 2013, the State charged Benge with two counts of Class A misdemeanor invasion of privacy.[1] A bench trial was held, and the trial court found Benge guilty as charged. In doing so, the trial court stated:

> the Court believes that Mr. Benge initiated the conversation about Mr. Strezlic . . . and wanted to know about him and that that's a communication that's not about the child. . . . I think that it's beyond the exception that's allowed by the Protective Order.

Tr. pp. 92-93. Benge now appeals.

## Analysis

[5] Benge argues that there is insufficient evidence to support his conviction for Class A misdemeanor invasion of privacy. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime

---

[1] On March 31, 2013, another incident occurred during a custody exchange, and Benge was charged with a second count of Class A misdemeanor invasion of privacy. Benge does not challenge that conviction. He was also charged in a separate information with a third count of Class A misdemeanor invasion of privacy, which arose out of an April 3, 2013 incident. Information relating to that charge and the transcript of that trial is included in the record on appeal. Because Benge only challenges the March 24, 2013 incident, we limit the facts and our analysis to that incident. In this regard, Benge's reference to the trial court's finding about the April 3, 2013 incident is not relevant to our analysis. *See* Tr. pp. 58-59.

from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[6] A person who knowingly or intentionally violates a protective order to prevent domestic or family violence commits invasion of privacy, a Class A misdemeanor. Ind. Code § 35-46-1-15.1(1). Benge argues that his communication with Melissa on March 24, 2013 was not beyond the bounds of innocent communications accompanying a typical child exchange and was not harassing or annoying.

[7] We disagree. The protective order specifically prohibited Benge "from harassing, annoying, telephoning, contacting or directly or indirectly communicating with" Melissa. Cause No. 166 Ex. 1. Benge was irritated when he spoke with Melissa while the child remained in his car. During the ten to fifteen minute conversation, Benge questioned Melissa about her relationship with another man and asked to meet him. Melissa specifically testified that the conversation did not relate to the couple's child. The trial court was able to assess Melissa's and Benge's credibility when they testified at trial and found that the conversation was not a communication about the child and went beyond the exception for supervised parenting time. There is sufficient evidence to establish that Benge knowingly or intentionally contacted and/or communicated with Melissa in violation of the protective order.

# Conclusion

[8] There is sufficient evidence to support Benge's conviction for Class A misdemeanor invasion of privacy. We affirm.

[9] Affirmed.

May, J., and Pyle, J., concur.