## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 20 2016, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Isaac Perez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 20, 2016

Court of Appeals Case No.
49A02-1511-CR-1917

Appeal from the Marion Superior Court.
The Honorable Christina R. Klineman, Judge.
Cause No. 49G17-1505-F6-17402

**Darden, Senior Judge**

# Statement of the Case

[1]     Isaac Perez appeals his conviction of domestic battery, a Class A misdemeanor.

Ind. Code § 35-42-2-1.3 (2014).  We affirm.

# Issue

Perez raises one issue, which we restate as: whether the evidence is sufficient to sustain his conviction.

# Facts and Procedural History

Perez and Estela Zapata married in 2000 and had three children together. They separated in February 2015, and Perez moved into an apartment.

On May 3, 2015, Perez watched the children while Zapata worked. She left work at 10:00 p.m. and called Perez to discuss when he would bring their children to her. Perez was angry, stating their oldest child would stay with him.

Zapata returned to her home and fell asleep. At 12:30 a.m. on May 4, 2015, she woke up when she heard Perez and the children arrive. The children were crying, and Perez was "very drunk." Tr. p. 8. Perez told Zapata he was going to take their oldest child with him, and she disagreed. As they argued, Perez struck Zapata's arm with his hand, and she screamed. Zapata developed a purple mark on her arm as a result of the attack.

At that point, Perez's uncle Pascual Rodriguez, who had come to the residence with Perez but had remained outside, came inside. He convinced Perez to leave, and Zapata called the police.

The State charged Perez with domestic battery as a Level 6 felony, battery in the presence of a child as a Level 6 felony, domestic battery as a Class A

misdemeanor, and battery resulting in bodily injury, a Class A misdemeanor. He waived his right to a jury trial. At the bench trial, Zapata testified to the facts set forth above. Rodriguez testified that he watched Perez and Zapata argue from outside the house, and he never saw Perez strike Zapata.

[8] The trial court concluded, "Ms. Zapata also testified truthfully," *id.* at 31, but was uncertain as to where the children were during the attack. As a result, the court determined Perez was not guilty of the felonies but was guilty of both misdemeanors. The court vacated the conviction for battery resulting in bodily injury and sentenced Perez for the conviction of Class A misdemeanor domestic battery. This appeal followed.

# Discussion and Decision

[9] Perez claims the State failed to prove all of the elements of domestic battery. The State responds that Zapata's testimony is sufficient evidence. On a challenge to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Anderson v. State*, 37 N.E.3d 972, 973 (Ind. Ct. App. 2015), *trans. denied*. Instead, we respect the fact-finder's exclusive province to weigh conflicting evidence. *Id.* As a result, we consider only the evidence most favorable to the judgment. *Id.* We will affirm the conviction if there is probative evidence from which a reasonable finder of fact could have found the defendant guilty beyond a reasonable doubt. *Scott v. State*, 867 N.E.2d 690, 694 (Ind. Ct. App. 2007), *trans. denied*.

In order to obtain a conviction against Perez for domestic battery, the State was required to prove beyond a reasonable doubt that (1) Perez (2) knowingly or intentionally (3) touched Zapata (3) who was his spouse or had a child in common with him (4) in a rude, insolent, or angry manner (5) resulting in bodily injury. Ind. Code § 35-42-2-1.3.

Perez claims there is no evidence that he touched Zapata, discounting her testimony as "highly questionable and not credible" and pointing to Rodriguez's testimony. Appellant's Brief p. 9. The State disagrees, noting Zapata unequivocally testified that Perez struck her arm, resulting in a purple mark. Pursuant to our standard of review, we may not disregard Zapata's testimony. Any inconsistencies in her testimony were for the finder of fact to resolve, and the trial court accepted Zapata's version of events. The State presented sufficient evidence to establish all of the elements of domestic battery. *See Bailey v. State*, 979 N.E.2d 133, 143 (Ind. 2012) (conviction for domestic battery upheld; trial court accepted the victim's version of events, which established the necessary elements of the offense).

# Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Vaidik, C.J., and Baker, J., concur.