## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2017, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andy Sosa-Lopez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 21, 2017

Court of Appeals Case No.
49A02-1704-CR-729

Appeal from the Marion Superior Court

The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause No.
49G03-1607-F4-26150

**Crone, Judge.**

# Case Summary

[1] Andy Sosa-Lopez ("Lopez") appeals his conviction following a jury trial for level 4 felony child molesting. The sole issue presented for our review is whether the State presented sufficient evidence to sustain the conviction. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

[2] Lopez is the stepfather of Cesar Juarez. Juarez's wife, Abigail Smiddy, has a son, C.S., and a twelve-year-old daughter, N.S.[1] Juarez considers himself to be N.S.'s father. In July 2016, Juarez, Abigail, C.S., and N.S. lived in an Indianapolis home with Lopez, his wife Maria, their two sons, and Maria's three sons. N.S. and C.S. shared a downstairs bedroom with their mother and Juarez. The two children slept on a pull-out couch in that bedroom.

[3] On July 4, 2016, the entire family attended a fireworks show and then came home and went to bed. The next morning, Abigail took Juarez to work around 7:30 a.m. While Abigail was gone, Lopez entered the downstairs bedroom and fondled N.S.'s vagina while she was sleeping. The fondling woke N.S. up, and she saw Lopez run out of the bedroom and go up the stairs. N.S. told her mother about the incident when she returned home. Abigail immediately called Juarez.

---

[1] Abigail testified that she and Juarez were "engaged" and had "a commitment ceremony" four years ago. Tr. Vol. 2 at 58-59. Juarez testified that he and Abigail were "married." *Id*. at 85.

[4]    That evening, the family confronted Lopez about the incident.  Lopez admitted that he went into the bedroom where N.S. was sleeping and stated that he touched her to wake her up and to ask her if she knew where Juarez was. Juarez did not believe this explanation because Lopez already knew that Juarez was working that morning because they had just talked about it the Sunday before.  Abigail immediately called the police.  When an officer arrived, Lopez stood up, turned around, and placed his hands behind his back to be handcuffed without any prior direction from the officer.

[5]    The State charged Lopez with level 4 felony child molesting.  Following a trial, the jury found Lopez guilty as charged.  The trial court sentenced Lopez to four years' imprisonment.  This appeal ensued.

## Discussion and Decision

[6]    Lopez contends that the State presented insufficient evidence to support his conviction.  When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility.  *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015).  We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt.  *Id*.  In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it.  *Id*. at 500.

[7] Indiana Code section 35-42-4-3(b) provides that a person who, "with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony." "The intent element of child molesting may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points." *Bass v. State*, 947 N.E.2d 456, 460 (Ind. Ct. App. 2011), *trans. denied*. Moreover, a conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).

[8] N.S. testified that on the morning of July 5, 2016, when she was twelve years old, she was sleeping wrapped in a blanket on the pull-out couch with her brother. She awoke to the feeling of a hand touching her vagina in a circular motion on the outside of her underwear. When she pushed the blanket off her face, she saw Lopez running out of the bedroom and up the stairs. The jury could reasonably infer from this testimony that Lopez touched N.S. and that he did so with the intent to arouse or to satisfy his or her sexual desires. N.S.'s testimony is alone sufficient to support Lopez's conviction for level 4 felony child molesting.

[9] Lopez suggests that perhaps N.S was "dreaming" or perhaps the sensations she felt were related to her "eczema." Appellant's Br. at 14. This is merely a

request for us to reweigh the evidence, a task not within our prerogative on appeal. The State presented sufficient evidence to support Lopez's conviction.

[10] Affirmed.

Robb, J., and Bradford, J., concur.