## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 27 2017, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Lynn Tedford, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 27, 2017 <br><br> Court of Appeals Case No. <br> 49A05-1708-CR-1735 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Marshelle D. Broadwell, Magistrate <br><br> Trial Court Cause No. <br> 49G17-1604-F6-12820 |

**Najam, Judge.**

## Statement of the Case

Kevin Lynn Tedford appeals his conviction for domestic battery, as a Level 6 felony, following a bench trial. Tedford presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction.[1] We affirm.

## Facts and Procedural History

On March 29, 2016, Tedford was exercising visitation with his daughter K.T. (age 10) and his son Ke.T. (age 7). The children's mother, D.T., was supposed to pick up the children at 6:00 p.m., but Tedford called her and asked her whether she could pick them up at 3:00 p.m. D.T. responded that she could not get the children earlier than 6:00. Tedford became angry and called D.T. names. D.T. told Tedford that she would see him at 6:00, and she hung up the phone.

Tedford then sent text messages to D.T. threatening to harm her with a gun. And a short time later, Tedford drove to D.T.'s mother's house, where D.T. was visiting. Tedford's friend Cruz Wright was in the front passenger seat of the car, which belonged to Wright, and Tedford's children were sitting in the back seat. When they arrived, Tedford got out of the car and approached D.T.,

---

[1] Tedford purports to also challenge his conviction on a second battery conviction, as a Level 6 felony (Count II), but the trial court did not enter judgment of conviction on that count.

who was standing outside of the house with a man named Dejuan.[2] Tedford said to Dejuan, "Are you the b**** a** n**** that was talking s*** on the phone?" Tr. at 10. D.T. intervened and said to Tedford, "Don't come over here for this." *Id.* Tedford then pushed D.T., and she pushed him back. Tedford called D.T. a "b****," and D.T. threatened to tell her uncle about Tedford's actions. *Id.* at 11. Tedford threatened D.T. with a fist. Finally, D.T. told Tedford to "just leave." *Id.*

[4] At that point, K.T. got out of the car. And D.T.'s mother and her mother's fiancé, Frederick, came outside. Tedford pushed D.T. again, and D.T. fell into Frederick, who was standing behind her. Tedford then punched Frederick and knocked him to the ground. Tedford then walked towards Wright's car, and D.T. followed him. Ke.T. got out of the car. Tedford reached into his car, got a gun, and pointed the gun at D.T. at close range. Ke.T. was standing in close proximity to D.T. at that time. D.T. said something to Tedford, and Tedford eventually got back in the car and drove away. D.T.'s mother called the police.

[5] The State charged Tedford with domestic battery, as a Level 6 felony; battery, as a Level 6 felony; intimidation, as a Level 6 felony; domestic battery, as a Class A misdemeanor; three counts of battery, as Class A misdemeanors; and pointing a firearm at another person, as a Class A misdemeanor. The State dismissed the intimidation charge prior to trial. Following a bench trial, the

---

[2] In her testimony, D.T. does not explain her relationship to Dejuan or give his last name.

trial court entered judgment of conviction on three counts: domestic battery, as a Level 6 felony; pointing a firearm at another person, as a Class A misdemeanor; and battery, as a Class A misdemeanor. The trial court sentenced Tedford to concurrent sentences of 365 days in Community Corrections, with 185 days suspended. This appeal ensued.

## Discussion and Decision

Tedford contends that the State presented insufficient evidence to support his conviction for battery, as a Level 6 felony. In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences most favorable to the conviction, neither reweighing the evidence nor reassessing witness credibility. *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). We will affirm the judgment unless no reasonable fact-finder could find the defendant guilty. *Id.*

To prove battery, as a Level 6 felony, the State was required to show that Tedford knowingly or intentionally touched D.T., who has a child in common with Tedford, in a rude, insolent, or angry manner which resulted in bodily injury to D.T. and which was committed in the physical presence of K.T., who was less than sixteen years old, knowing that K.T. was present and might be able to see or hear the battery. Ind. Code § 35-42-2-1.3(b) (2015). Tedford maintains that the State failed to prove either that he caused D.T. bodily injury or that he knew that K.T. was present and might be able to see or hear the battery. We address each contention in turn.

*Bodily Injury*

[8] Indiana Code Section 35-31.5-2-29 defines "bodily injury" as any impairment of physical condition, including physical pain. And our Supreme Court has held that "any degree of physical pain may constitute a bodily injury." *Bailey v. State*, 979 N.E.2d 133, 142 (Ind. 2012). Tedford contends that "the record in this case provides no evidence from which it can reasonably be inferred that [D.T.] suffered 'any degree of physical pain.'" Appellant's Br. at 10 (quoting *Bailey*, 979 N.E.2d at 142). But D.T. testified in relevant part that she felt pain when Tedford pushed her "hard" and she fell into Frederick, who was standing behind her. Tr. at 13. Tedford's contention amounts to a request that we reweigh the evidence, which we cannot do. The State presented sufficient evidence that D.T. suffered bodily injury.

*In the Presence of K.T.*

[9] Finally, Tedford contends that "there is no certainty as to where the children were or what they could have seen or heard" when the battery occurred. Appellant's Br. at 14. But the evidence shows that the children were sitting in the back seat of the car when Tedford drove to D.T.'s mother's house. Thus, Tedford knew that the children were sitting in the car when Tedford first confronted D.T. outside of her mother's house and pushed her the first time. And D.T. testified that K.T. was outside of the car when Tedford pushed D.T. the second time. Finally, the car was parked in the street in front of the house, and the battery occurred in the front yard. Thus, the evidence supports a

reasonable inference that the children could have seen the incident from their vantage point.

[10] This court has held that "the critical question in determining whether a child is 'present' for purposes of [Indiana Code Section 35-42-2-1.3] is whether a reasonable person would conclude that the child *might* see or hear the offense; not whether the child is in the same room as where the offense is taking place." *Manuel v. State*, 971 N.E.2d 1262, 1270 (Ind. Ct. App. 2012) (emphasis added). Here, we hold that the evidence supports a reasonable inference that Tedford knew that the children might see or hear the battery. Indeed, K.T. was outside of the car when Tedford pushed D.T. the second time. Again, Tedford asks that we reweigh the evidence, which we cannot do. The State presented sufficient evidence to support Tedford's conviction for battery, as a Level 6 felony.

[11] Affirmed.

Mathias, J., and Barnes, J., concur.