## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 24 2018, 5:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Tracy Ray Meloy,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 24, 2018

Court of Appeals Case No.
18A-CR-1281

Appeal from the Marshall Superior Court

The Honorable Dean A. Colvin, Judge

Trial Court Cause No.
50D02-1710-CM-1213

**Najam, Judge.**

# Statement of the Case

Tracy Ray Meloy appeals his conviction for domestic battery, as a Class A misdemeanor, following a bench trial. He presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

# Facts and Procedural History

On September 16, 2017, Meloy and his live-in girlfriend, C.A., were at the American Legion bar in Argos. After C.A. asked Meloy whether he had taken a cell phone case belonging to someone else, Meloy became angry with C.A. Meloy began counting down from five to one, and at the end of the countdown Meloy hit C.A. in the face with a closed fist.

Karen Harvey, the Legion manager, who was working as a bartender that night, observed the altercation and left to find C.A.'s father, who lived nearby. Harvey did not find C.A.'s father, but C.A.'s brother and sister-in-law, C.D.A., arrived, and Harvey told them that Meloy had hit C.A. C.D.A. then confronted Meloy inside the bar, and Meloy punched C.D.A. in the face. C.D.A. fell to the floor, got back up, and punched Meloy in the face. C.D.A. left the bar with C.A. and called the police. The responding officers found C.A. with an ice pack on her face and observed swelling, scratches, and blood on her face.

The State charged Meloy with domestic battery, as a Class A misdemeanor, and battery, as a Class A misdemeanor. At the conclusion of a bench trial, the

court found Meloy guilty of domestic battery, but not guilty of battery. The court entered judgment of conviction accordingly and sentenced Meloy to one year in jail. This appeal ensued.

## Discussion and Decision

Meloy contends that the State presented insufficient evidence to support his conviction. In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences most favorable to the conviction, neither reweighing the evidence nor reassessing witness credibility. *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). We will affirm the judgment unless no reasonable fact-finder could find the defendant guilty. *Id.*

To prove domestic battery, as a Class A misdemeanor, the State was required to show that Meloy knowingly or intentionally touched C.A., a family member or member of Meloy's household, in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1.3(a)(1) (2018). At trial, C.A. testified, but she did not remember anything about Meloy hitting her. But Harvey testified that she saw Meloy and C.A. fighting, she heard Meloy count down from five to one, and she saw Meloy hit C.A. in the face with a closed fist. To the extent Meloy claims that Harvey's testimony is insufficient to support his conviction because she "was unsure of what happened specifically at multiple points in her testimony," that contention is entirely without merit. Appellant's Br. at 8. Harvey, an eyewitness, unequivocally testified that she saw Meloy hit C.A. in the face.

It is well settled that a conviction can be sustained on the testimony of a single witness. *See Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). But here, in any event, the State presented evidence to corroborate Harvey's testimony. Meloy asks that we reweigh the evidence and judge Harvey's credibility on appeal, which we cannot do. The evidence is sufficient to support Meloy's conviction.[1]

Affirmed.

Crone, J., and Pyle, J., concur.

---

[1] Meloy does not contest the evidence showing that C.A. was a household member under the statute.