## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2018, 10:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Steven Knecht | Curtis T. Hill, Jr. |
| Vonderheide & Knecht, P.C. | Attorney General of Indiana |
| Lafayette, Indiana | |
| | Tyler G. Banks |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roger D. Campbell, | December 21, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-1473 |
| v. | Appeal from the White Superior Court |
| State of Indiana, | The Honorable Robert B. Mrzlack, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 91D01-1705-F4-69 |

**Baker, Judge.**

[1] Roger Campbell appeals his convictions for three counts of Child Molesting,[1] one as a Level 1 felony and two as Level 4 felonies, arguing that the evidence is insufficient. Finding the evidence sufficient, we affirm.

## Facts

[2] J.G., who was five to six years old at the time of the incidents, lived in Monticello with her grandmother. J.G.'s mother also lived at the residence, along with many other family members. Campbell's house was nearby in the same neighborhood. Her grandmother's home was not always a stable place for J.G., and Campbell acted as a family support. J.G. would go over to Campbell's house three to four times a week, ask for food, and spend time with Campbell and his wife.

[3] In October 2016, J.G. was removed from her mother's care and from her grandmother's home because of suspected drug use and lack of proper supervision. J.G. was placed in foster care. About a month after being placed with her foster family, J.G. disclosed that Campbell had touched her inappropriately, leading to a forensic interview. J.G. was later placed with a second foster family and divulged further details, leading to a second forensic interview.

---

[1] Ind. Code § 35-42-4-3.

[4]   On May 2, 2017, the State charged Campbell with two counts of Level 4 felony child molesting, later adding one count of Level 1 felony child molesting. Campbell's jury trial began on April 17, 2018. J.G. testified at the trial, explaining that Campbell had touched her "girl part up there" and had done so on multiple occasions. Tr. Vol. II p. 71-72. He told J.G. to touch his "boy part" with her hands and mouth; J.G. explained that she complied "[b]ecause he told me to. And he said if I do it, he'll let me go home." *Id.* at 74. Campbell touched J.G.'s vagina with his hands and mouth and put his fingers in her anus. *Id.* at 74, 80-81. At least once, Campbell called J.G. a "bad word" that started with a "b" and told her that he loved her. *Id.* at 74-75. Campbell once attempted to insert his penis into J.G.'s anus but did not penetrate her. He told her not to tell anyone about these sexual incidents and threatened her if she told anyone. J.G. later told her grandfather that she did not want to go back to Campbell's house, but still went over there on occasion because her grandmother asked her to do so.

[5]   The jury found Campbell guilty as charged. At Campbell's May 25, 2018, sentencing hearing, the trial court imposed a thirty-year sentence for the Level 1 felony conviction and concurrent six-year sentences for each of the two Level 4 felony convictions, to be served consecutively to the thirty-year sentence, for an aggregate term of thirty-six years imprisonment. Campbell now appeals.

# Discussion and Decision

[6] Campbell's sole argument on appeal is that the evidence does not support his conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

[7] To convict Campbell of Level 1 felony child molesting, the State was required to prove beyond a reasonable doubt that Campbell, who was over the age of twenty-one, knowingly or intentionally performed or submitted to sexual intercourse or other sexual conduct with J.G., who was under the age of fourteen. I.C. § 35-42-4-3(a). To convict Campbell of Level 4 felony child molesting, the State was required to prove beyond a reasonable doubt that Campbell performed or submitted to any fondling or touching of or by J.G., who was under the age of fourteen, with intent to arouse or to satisfy the sexual desires of either J.G. or himself. I.C. § 35-42-4-3(b).

[8] Campbell does not raise an argument regarding any of the statutory elements. Instead, he argues that his conviction is based on incredibly dubious evidence. The rule of incredible dubiosity allows the court to impinge upon a jury's responsibility to judge the credibility of witnesses. *Moore v. State*, 27 N.E.3d 749, 754 (Ind. 2015). This rule applies only when a sole witness provides

testimony that is inherently contradictory, equivocal, or the result of coercion. *Smith v. State*, 34 N.E.3d 1211, 1221 (Ind. 2015). Its application is very rare, and the "'testimony must be so convoluted and/or contrary to human experience that no reasonable person could believe it.'" *Moore*, 27 N.E.3d at 756 (quoting *Edwards v. State*, 753 N.E.2d 618, 622 (Ind. 2001)).

[9] J.G.'s testimony was neither inherently contradictory nor equivocal, nor was there any evidence that she was coerced to testify. And unfortunately, her testimony was not contrary to human experience.

[10] The gravamen of Campbell's argument is his claim that J.G.'s version of events changed significantly between her two forensic interviews. Initially, we note that her version of events did not change significantly; instead, she merely divulged more details and information the second time. This is an eminently reasonable course for a sexual assault survivor to take—especially when the survivor is a young child.

[11] Moreover, J.G.'s forensic interviews were not introduced into evidence at trial. Instead, the young girl testified, and her testimony—which is the focus of the incredible dubiosity rule—was unequivocal. *See Murray v. State*, 761 N.E.2d 406, 409 (Ind. 2002) (explaining that a successful claim of incredible dubiosity must show contradictions inherent in the testimony itself rather than inconsistencies between testimony and other external sources). Campbell's attorney cross-examined J.G., raising the issue of her consistency and questioning her level of certainty regarding her allegations. It was for the jury

to evaluate J.G.'s credibility, and we may not and will not second-guess the jurors' determination that she was believable.

[12] We do not find J.G.'s testimony to be incredibly dubious. Therefore, the evidence is sufficient to support Campbell's convictions. *See Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012) (holding that a conviction may be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim).

[13] The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.